FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2023 FEB -9 PM 3: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:23 cr 53 SDM-MRM
18 U.S.C. § 922(g)(1)

NICHOLAS QUINTON HANSON and
MARCUS DEWONN MOBLEY, JR.

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

In or around January 2023, in the Middle District of Florida, the defendant,

NICHOLAS QUINTON HANSON,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Attempted Burglary of a Dwelling, Polk County, FL Circuit Court Docket No. 2011-CF-002946;

2. Grand Theft, Polk County, FL Circuit Court Docket No. 2011-CF 002946;

3. Burglary of a Structure, Polk County, FL Circuit Court Docket No. 2011-CF-006333;

4. Grand Theft, Polk County, FL Circuit Court Docket No. 2011-CF-006333;

   5. Retaliation Against a Victim/Witness, Polk County, FL Circuit Court Docket No. 2013-CF-008168; and

   6. Felon-in-Possession of Ammunition, Middle District of Florida Case No. 8:14-cr-342-T-36EAJ.

did knowingly possess, in and affecting interstate commerce, ammunition, that is two rounds of 9-millimeter ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT TWO

In or around January 2023, in the Middle District of Florida, the defendant,

MARCUS DEWONN MOBLEY, JR.,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to wit: Carrying a Concealed Firearm, Polk County, FL Circuit Court Docket No. 2019-CF-000270, did knowingly possess, in and affecting interstate commerce, a firearm and ammunition. The offense involved a round of .40 caliber ammunition, a SCCY 9-millimeter handgun, and three rounds of 9-millimeter ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## FORFEITURE

   1. The allegations contained in Count One and Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: five rounds of 9-millimeter ammunition, a round of .40 caliber ammunition, and a SCCY 9mm handgun.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature: Christopher F. Murray]*
Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division (South)

By: *[signature: Christopher F. Murray]*
FoL: Sara C. Sweeney
First Assistant United States Attorney

FORM OBD-34
February 23

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

### NICHOLAS QUINTON HANSON
### MARCUS DEWONN MOBLEY, JR.

## INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

███████████████████

Foreperson

Filed in open court this 9th day

of February 2023.

_____
Clerk

Bail $_____

GPO 863 525