UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:23-cr-53-SDM-MRM

NICHOLAS QUINTON HANSON
_____/

### ORDER OF DETENTION

This cause came before the Court on the government's contested motion to detain the Defendant. The Court held a hearing on the matter, at which the parties proffered information and evidence in support of their respective positions. For the reasons set forth below, the government's motion is granted.

To prevail on a motion for detention, the government must show by clear and convincing evidence that the Defendant poses a danger to the community, 18 U.S.C. § 3142(f)(2), and by a preponderance of the evidence that he poses a risk of flight, *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990) (citing *United States v. King*, 849 F.2d 485, 489 n.3 (11th Cir. 1988)). In assessing whether the government has met its burden, the Court looks to the factors enumerated in 18 U.S.C. § 3142(g). *United States v. Houston*, 2009 WL 10674021, at *2 (M.D. Fla. Aug. 20, 2009).

The first of these factors is the nature and circumstances of the charged crime. 18 U.S.C. § 3142(g)(1). Here, the Defendant stands indicted on one count of being a

felon in possession of ammunition. (Doc. 4). According to the government, this charge stems from the Defendant's involvement in a January 30, 2023, drive-by shooting where eleven individuals were injured, some critically. (Docs. 1, 4). The fact that the Defendant is charged with a weapons-related offense and is alleged to have used a firearm to harm others supports detention.

The second factor—the weight of the evidence against the Defendant—likewise favors detention. 18 U.S.C. § 3142(g)(2). As proffered by the government at the hearing and as set forth in an earlier-filed complaint in this action (Doc. 1), the proof against the Defendant includes cell phone records, witness statements, video surveillance, and—most importantly—the discovery of the Defendant's DNA on two spent shell casings recovered from the scene of the January 30 shooting, *id*.

The third factor—the Defendant's history and characteristics—also counsels against his release. 18 U.S.C. § 3142(g)(3). According to the indictment and the pretrial services report, the Defendant has previous convictions for retaliating against a victim/witness, grand theft (twice), burglary, attempted burglary, and being a felon in possession of ammunition. (Doc. 4). He has also violated the conditions of his release and/or probation on a number of occasions in the past. Notably, it is averred in the complaint and was proffered by the government at the hearing that the Defendant's prior felon in possession conviction was tied to another shooting where

the Defendant purportedly "fired several shots from the back seat of a vehicle . . . into a crowd of individuals." (Doc. 1).

The fourth factor—the nature and seriousness of the danger to the community posed by the Defendant's release—further favors detention. 18 U.S.C. § 3142(g)(4). It is axiomatic that the unlawful possession of a firearm and/or ammunition represents a threat to public safety. The evidence proffered by the government here that the Defendant has engaged in the illicit use of a weapon and ammunition demonstrates the seriousness of the danger that would attend his release.

In light of the above, the Defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity to consult with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED in Tampa, Florida, this 15th day of February 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record